IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGNAL TECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-1074 (RGA) |
| | ) |
| LINEAR TECHNOLOGY CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT LINEAR TECHNOLOGY CORPORATION'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA

Karen Jacobs Louden (#2881)
Michael J. Flynn (#5333)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com
mflynn@mnat.com

OF COUNSEL:

*Attorneys for Defendant Linear Technology Corporation*

Joel M. Freed
Charles Hawkins
Rose S. Whelan
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, DC 20005-3096
(202) 756-8000

March 23, 2012

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   INTRODUCTION ......................................................................................................1

II.  NATURE AND STAGE OF PROCEEDINGS .........................................................1

III. SUMMARY OF ARGUMENT ..................................................................................2

IV. STATEMENT OF FACTS .........................................................................................2

   A. Linear Has Its Headquarters in California.......................................................2

   B. Relevant Non-Party Witnesses Are More Likely To Be In California .................3

   C. Delaware Has No Meaningful Connection To Linear's Alleged Infringement ......3

   D. Plaintiff's Recent 'Connection' To Delaware Is Superficial................................3

V.  ARGUMENT ..............................................................................................................4

   A. Legal Standard ..................................................................................................4

   B. This Action Could Have Been Brought In The Northern District of California .....5

   C. The Private Interest Factors Favor Transfer ........................................................5

     1. Here, Plaintiff's Forum Choice Deserves Little Deference .......................5

     2. Defendants' Forum Preference Is Supported by the Other Factors ............7

     3. The Claim Arose In California..................................................................7

     4. The Convenience of the Parties Favors Transfer .....................................7

     5. The Location of Witnesses Favors the Northern District of California ......8

     6. Location of Documents Favors The California Forum .............................9

   D. Public Interest Factors Favor Transfer to California ..........................................10

     1. The Practical Considerations  Favor Transfer..........................................10

     2. Court Congestion Favors California........................................................11

     3. Local Interest Factor is Neutral................................................................11

VI. CONCLUSION ................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*E.I. du Pont de Nemours & Co. v. Diamond Shamrock Corp.*,
  522 F. Supp. 588 (D. Del. 1981) ............................................................................................. 6

*Gian Biologics LLC v. Biomet Inc.*,
  C.A. No. 10-865-LPS, 2011 WL 2470636 (D. Del. June 21, 2011) ........................................ 6

*In re Biosearch Techs., Inc.*,
  2011 WL 6445102 (Fed. Cir. Dec. 22, 2011) ........................................................................ 10

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) .......................................................................................... 8, 9

*In re Link_A_Media Devices Corp.*,
  662 F.3d 1221 (Fed. Cir. 2011) ..................................................................................... 5, 6, 7

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011) ............................................................................................. 6

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2009) ........................................................................................... 12

*In re Zimmer Holdings, Inc.*,
  609 F.3d 1378 (Fed. Cir. 2010) ............................................................................................. 6

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) ......................................................................................... 4, 5, 10

*Motorola, Inc. v. Research in Motion Ltd.*,
  C.A. No. 08-104-SLR, 2008 U.S. Dist. LEXIS 65943 (D. Del. Aug. 26, 2008) ................... 11

*Pfizer Inc. v. Apotex, Inc.*,
  C.A. No. 08-948-LDD, 2009 WL 2843288 (D. Del. Aug. 13, 2009) .................................... 11

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970) ................................................................................................ 4, 5

*Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*,
  676 F. Supp. 2d 332 (D. Del. 2009) ........................................................................ 7, 8, 9, 10

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964)) ............................................................................................................. 4

*Virgin Wireless, Inc. v. Virgin Enters. Ltd.*,
  201 F. Supp. 2d 294 (D. Del. 2002) ...................................................................................... 4

# TABLE OF AUTHORITIES
(continued)

**Page**

*Wacoh Co. v. Kionix, Inc.*,
   C.A. No. 10-cv-RGA, 2012 WL 70673 (D. Del. Jan. 9, 2012) ........................................5, 7, 9

**Statutes**

28 U.S.C. § 1391......................................................................................................................5

28 U.S.C. § 1395(a) ................................................................................................................5

28 U.S.C. § 1400......................................................................................................................5

28 U.S.C. § 1404(a) .............................................................................................................4, 8

**Other Authorities**

15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
   *Federal Practice and Procedure* § 3851 (3rd ed. 2008) .............................................................8

## I.      INTRODUCTION

The Defendant, Linear Technology Corporation ("Linear"), moves to transfer this patent infringement case to the Northern District of California.  This is a clear case of forum shopping by a non-practicing entity whose business is litigation and whose only connection to this District is its formation in Delaware just six weeks before filing suit.  Because this case has no other connection to this District, and because all other factors point to the Northern District of California, Plaintiff's recent, ephemeral, litigation-driven connection to Delaware should be disregarded.

The operative facts clearly show that the Northern District of California – where (1) relevant witnesses, including non-party witnesses, and evidence is located; (2) Linear's accused LT5554 product was designed; and (3) Linear has been headquartered for over 30 years – is the most appropriate venue.  Indeed, if this case were to remain in Delaware the inventor of the patent-in-suit (who is not employed by plaintiff and is a nonparty) may be unavailable at trial because he too resides in the Northern District of California and would be outside the subpoena power of this Court.

For the interests of justice and convenience of the parties and witnesses, Linear respectfully requests that this case be transferred to the Northern District of California.

## II.      NATURE AND STAGE OF PROCEEDINGS

Signal Tech filed a Complaint for Patent Infringement against Linear on November 2, 2011.  (D.I. 1.)  The parties have stipulated to extend Linear's time to respond to Complaint several times, most recently until March 23, 2012.  (D.I. 7).

### III. SUMMARY OF ARGUMENT

1. This action could have been brought in the Northern District of California because Linear's corporate headquarters and principal place of business is located in Milpitas, California, in the heart of the Northern District.

2. The private interest factors favor transfer to the Northern District of California. Almost all of the witnesses – both party and nonparty – reside there. None are in Delaware. The accused LT5554 product was developed in California and the relevant evidence is found there. The only private factor favoring plaintiff is its choice of forum, but that is entitled to little weight here because its only connection to Delaware is its recent litigation-driven formation here.

3. The public interest factors likewise support transfer. This suit could be tried more inexpensively and expeditiously in the Northern District of California. Any efficiency that could have resulted from the same judge trying this and other cases filed by Signal Tech involving this patent is nullified because one of those cases has now been dismissed and the other is awaiting decision on a motion to transfer to the District of Massachusetts. There are no local interest factors to consider.

### IV. STATEMENT OF FACTS

#### A. Linear Has Its Headquarters in California

Although Linear is a Delaware corporation, its principal place of business and corporate headquarters are located in Milpitas, California. (*See* Decl. of John M. England, Jr. In Supp. of Def. Mot. To Transfer ("England Decl.") ¶ 2.) Linear has maintained its headquarters in California for over thirty years. (*Id.* ¶ 3.) Two Linear design centers and its main semiconductor fabrication facility are also located in California. (*Id.*) All of Linear's top executive employees are located in Milpitas, California. (*Id.* ¶ 4.) In addition, approximately

1,217 of Linear's 1,940 U.S. employees are based in California. (*Id.*) The accused LT5554 product was designed in Milpitas, California. (*Id.* ¶ 5.) That product is manufactured not far from the Northern District of California in Camas, Washington. (*Id.* ¶ 6.) Accordingly, Linear documents and witnesses potentially relevant to this litigation are either located in the Northern District of California or elsewhere much closer to that District than Delaware. (*Id.* ¶¶ 2-6.)

    **B.**  **Relevant Non-Party Witnesses Are More Likely To Be In California**

It is difficult to identify individual witnesses given the early stage of the litigation and lack of detail in the Complaint. However, it is plain that relevant non-party witnesses are more likely to be located in California than in Delaware. The most likely non-party witness, the named inventor on the patent, resides in the Northern District of California. (*See* Dec. of Rose Whelan In Supp. Of Def. Mot. To Transfer ("Whelan Decl.") ¶ 3, Exh. A, Exh. B). The face of the patent shows the named inventor, Sasan Cyrusian as residing in Scotts Valley California. (*Id.*, Exh. A.) Additionally, a recent public records search on Lexis for the named inventor shows that he likely still resides in Scotts Valley, or in neighboring Santa Cruz, both within the Northern District of California. (*Id.* ¶ 3, Exh. B.)

    **C.**  **Delaware Has No Meaningful Connection To Linear's Alleged Infringement**

Delaware has no meaningful connection to Linear's alleged infringement. No one at Linear with any reasonable connection to the facts or allegations of this litigation is based in Delaware, including any employees with meaningful involvement with the accused products. (England Decl. ¶¶ 5-6.) Indeed, Linear has no employees or offices in Delaware at all. (*Id.* ¶ 7.)

    **D.**  **Plaintiff's Recent 'Connection' To Delaware Is Superficial**

The patent-in-suit was not invented by the Plaintiff. That patent on its face reveals that it was invented by a person in California, and assigned to a German company, Infineon Technologies AG. (Whelan Decl., Exh. A.)

The plaintiff is a limited liability company that registered as a business entity in Delaware only six weeks before filing this lawsuit. (*See id.*, Exh. C.) There is no indication that Plaintiff was formed for any purpose other than bringing this action and simultaneously filing actions here against ADI and Maxim. *See Signal Tech, LLC v. Analog Devices*, Inc., C.A. No. 11-1073-RGA; *Signal Tech LLC v. Maxim Integrated Products, Inc.*, C.A. No. 11-1075-RGA. Plaintiff has neither pleaded nor demonstrated any cognizable activities in Delaware other than prosecuting these lawsuits. Plaintiff's Complaint does not even list any Delaware address. (D.I. 1.)

## V. ARGUMENT

### A. Legal Standard

This Court may transfer a civil action "[f]or the convenience of parties and witnesses, [or] in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of transfer is to protect litigants, witnesses, and the public from a waste of time, energy, and money. *See Virgin Wireless, Inc.* v. *Virgin Enters. Ltd.,* 201 F. Supp. 2d 294, 299 (D. Del. 2002) (citing *Van Dusen* v. *Barrack,* 376 U.S. 612, 616 (1964)).

On a motion to transfer, courts should first decide whether the current lawsuit could have been brought in the jurisdiction to which the transfer is sought. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). The court should then employ a balancing test, determining both relevant private and public interest factors. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995).

### B. This Action Could Have Been Brought In The Northern District of California

This action could have been brought in the Northern District of California. *See* 28 U.S.C. §§ 1391, 1395(a). A case for patent infringement may be brought in the judicial district where the defendant resides. 28 U.S.C. § 1400. Linear's corporate headquarters and principal place of business is located in the Northern District of California, so Plaintiff certainly could have filed its action there.

### C. The Private Interest Factors Favor Transfer

The private interest factors used in determining whether a case should be transferred include: (1) the plaintiff's choice of forum; (2) the defendant's forum preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties as measured by their relative physical and financial conditions, (5) the convenience of witnesses, and (6) the location of books and records. *See Jumara*, 55 F.3d at 879. These factors, taken as a whole, favor transfer of this case to the Northern District of California.

#### 1. Here, Plaintiff's Forum Choice Deserves Little Deference

Plaintiff will undoubtedly argue that its choice of forum should be this Court's "paramount consideration." *Shutte*, 431 F.2d at 25. Plaintiff would surely prefer the Court to begin and end its analysis here because **all other factor**s favor transfer or are inapplicable. Although Plaintiff's choice of forum is certainly entitled to great weight in certain circumstances, the Federal Circuit has recently cautioned courts against placing "too much weight on the plaintiff's choice of forum," especially in circumstances such as here "where the choice of forum by [] Plaintiff has little connection with the operative facts of the lawsuit." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (per curium); s*ee also Wacoh Co. v. Kionix, Inc.*, C.A. No. 10-617-RGA, 2012 WL 70673, at *7 (D. Del. Jan. 9, 2012)

(granting a motion to transfer where "[t]he only connection to Delaware . . . is that it is the Plaintiff's choice of forum.") (citing *In re Link_A_Media*, 662 F.3d at 1224); *E.I. du Pont de Nemours & Co. v. Diamond Shamrock Corp.*, 522 F. Supp. 588, 592 (D. Del. 1981) ("The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right.").

Indeed, Plaintiff's choice of forum is entitled to even less weight here because Plaintiff's only connection to this District – its recent formation in Delaware – is legally irrelevant, short-lived and litigation driven. *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (according no weight to the plaintiff's choice of venue when its "presence in [that venue] appears to be recent, ephemeral, and an artifact of litigation.") "The Supreme Court has long urged courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempt at manipulation." *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011) (granting petition for mandamus and directing transfer).

Accordingly, deference should not be accorded to "connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient." *Id.* Such manipulation is "no more meaningful, and no less in anticipation of litigation," where Signal Tech "took the extra step of" formation in Delaware just before filing suit. *Id.; see also Gian Biologics, LLC v. Biomet Inc.*, No. 10-865-LPS, 2011 WL 2470636, at *3 (D. Del. June 21, 2011) (ordering discovery into the circumstances in which plaintiff incorporated in Delaware three months before filing suit and expressing "significant doubt as to whether this case should remain in Delaware"). Giving forum choice paramount consideration based solely on registration of an entity such as Plaintiff to do business in Delaware less than two months prior to filing suit would be an open invitation to improper forum shopping.

2. **Defendants' Forum Preference Is Supported by the Other Factors**

In contrast to Plaintiff's attenuated, litigation-driven connections to Delaware, Linear has deep and significant ties to the Northern District of California. Accordingly, its preference to litigate there should be given great weight.[1]

3. **The Claim Arose In California**

Nearly all of the applicable factors favor transfer to California, beginning with the fact that the claim arose there. This Court has noted that patent infringement claims arise at least to some extent "where the allegedly infringement products were designed . . . ." *Wacoh*, 2012 WL 70673, at *4. Here, Linear's allegedly infringing LT5554 product was designed at Linear's headquarters in the Northern District of California. Although in a technical sense, patent infringement claims may arise anywhere that an accused product is made, used or sold, the locus of design is far more significant to the claim than all of the other various locations where the accused product may have been sold. That the accused product was designed in California weighs in favor of transfer.

4. **The Convenience of the Parties Favors Transfer**

Litigation would be much more convenient for Linear in the Northern District of California where it resides.[2] In contrast, neither Signal Tech nor Linear resides in Delaware.

---

[1] Signal Tech may try to argue that Linear's incorporation in Delaware somehow trumps the consideration that should be given to its preference to litigate in the Northern District of California. The Federal Circuit recently held that a party's state of incorporation is simply not a controlling factor in the analysis. *In re Link_A_Media Devices*, 662 F.3d 1221, 1223-24 (Fed. Cir. 2011).

[2] Signal Tech might try to argue that because Linear previously filed litigation in Delaware (as it was required to do under an agreement) it is somehow precluded from arguing that litigating the current case in California would be more convenient. This argument would be misplaced. Motions to transfer are decided on a "case-by-case consideration of convenience and fairness," without regard to past suits. *See Teleconference Sys. v.*
(continued…)

(*See* England Decl. ¶ 2; *Signal Tech, LLC v. Analog Devices, Inc.*, No. 11-1073-RGA, D.I. 15 ¶¶ 1-2.) It is widely acknowledged that in a patent litigation case, most of the relevant witnesses and evidence comes from the accused infringer. *See In re Genentech*, *Inc.,* 566 F.3d 1338, 1345 (Fed. Cir. 2009). Therefore, it is Linear's employees who would have to suspend activities in California and travel to Delaware to serve as trial witnesses.

In contrast, plaintiff is a non-practicing entity that was just recently formed and acquired the patent-in-suit less than two months before bringing suit. (*See* Whelan Decl., Exh. C; *Signal Tech, LLC v. Analog Devices, Inc.*, No. 11-1073-RGA, D.I. 16-2 (patent assignment dated September 15, 2011).) It is unlikely that anyone associated with Signal Tech, other than litigation counsel, would be necessary at trial. It is unclear where Signal Tech is located, though Signal Tech's owners appear to reside in North Carolina and the Washington, DC area and they have engaged a Washington, DC firm to handle this litigation. *(See Signal Tech, LLC v. Analog Devices, Inc.*, No. 11-1073-RGA, D.I. 15 ¶¶ 1-2.) Although the convenience of counsel should be given no weight in the analysis, it is noteworthy that Plaintiff's chosen counsel would have to travel to either forum.

     5.     **The Location of Witnesses Favors the Northern District of California**

"Often cited as the most important factor in passing on a motion to transfer under Section 1404(a) of Title 28 of the United States Code, and the one most frequently mentioned by the courts, ... is the convenience of witnesses, most particularly nonparty witnesses who are important to the resolution of the case." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3851 (3d ed. 2008).

---

    *Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 332, 335 (D. Del. 2009). Prior litigation of Linear in this District, based on different considerations, does not impact this motion.

The engineers who developed and worked on the accused LT5554 product are located in Milpitas, California. All of Linear's top executives are located there as well. (England Decl. ¶ 4-5.)

Also, the asserted patent names as the inventor a person in Scotts Valley, California, which is in the Northern District of California. (Whelan Decl., Exh. A.) If the trial were held in Delaware, a California inventor would not be subject to subpoena power of this Court. Indeed, it is highly unlikely that any relevant witnesses are located in Delaware, a fact that weighs heavily in favor of transfer. *Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 332, 333 (D. Del. 2009); *see also Wacoh*, 2012 WL 70673, at * 4 (quoting *Teleconference Sys.*).

### 6. **Location of Documents Favors The California Forum**

Evidence regarding alleged infringement is also located in California or Washington, but not in Delaware. Linear's documents regarding the design, development, and manufacture of the accused products are located primarily at Linear's facilities in Milpitas, California, or in Camas, Washington. (*See* England Decl. ¶ 5-6.) Linear does not maintain any technical or business information about the accused products in Delaware. (*See id.* ¶ 7.) Evidence concerning the alleged invention of the patent-in-suit would appear to be located in California or Germany and not in Delaware. (*See* Whelan Decl., Exh. A.) Because plaintiff was not involved in the development of the invention and has no operations other than litigation, it is unlikely to have any evidence relevant to the lawsuit.

The location of the evidence weighs in favor of transfer. *See Teleconference Sys.*, 676 F. Supp. 2d at 332 (granting motion to transfer); *accord In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (granting mandamus in favor of transfer) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently,

the place where the defendant's documents are kept weighs in favor of transfer to that location." (citation omitted)); *In re Biosearch Techs., Inc.*, 2011 WL 6445102, at *3 (Fed. Cir. Dec. 22, 2011) (nonprecedential) (granting mandamus to transfer) ("Although transfer is within the discretion of the trial court, in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." (internal quotation marks omitted)).

### D. Public Interest Factors Favor Transfer to California

The public interest factors most relevant in determining whether a case should be transferred include: (1) practical considerations that could make the trial easy, expeditious, or inexpensive; (2) the relative administrative difficulty in the two fora resulting from court congestion; (3) the local interest in deciding local controversies at home and the public policies of the fora; and (4) other factors not relevant here, including the enforceability of the judgment and the familiarity of the trial judge with the applicable state law in diversity cases. *See Jumara*, 55 F.3d at 879–80.  These factors, taken as a whole, also favor transfer of this case to the Northern District of California.

#### 1. The Practical Considerations Favor Transfer

The "practical considerations that could make the trial easy, expeditious, or inexpensive" favor transfer.  Trying this case in the Northern District of California eliminates significant expense for Linear to litigate far from its headquarters where the relevant witnesses and information are located. *Teleconference Sys.*, 676 F. Supp. 2d at 335 (holding this factor "strongly favor[s] transfer because key witnesses and documents are located in California and are easier to access there than in Delaware").

To the extent that Signal Tech's other suits brought in this District may have enhanced judicial efficiency, this factor is no longer relevant because one of these cases has

been dismissed and the defendants in the other have also sought a transfer. *Signal Tech, LLC v. Analog Devices, Inc.*, C.A. No. 11-1073-RGA, D.I. 9; *Signal Tech LLC v. Maxim Integrated Products, Inc.*, C.A. No. 11-1075-RGA, D.I. 4.

### 2. **Court Congestion Favors California**

This Court has previously focused on "the hardship to the courts involved and the scarcity of judicial resources *vis-à-vis* the parties." *Motorola, Inc.* v. *Research in Motion Ltd.*, C.A. No. 08-104-SLR, 2008 U.S. Dist. LEXIS 65943, at 6 (D. Del. Aug. 26, 2008); *see also Jumara,* 55 F.3d at 879 (the court should consider the relative administrative in the two venues resulting from court congestion). A comparison of the statistics for the dockets in the District of Delaware and Northern District of California from January 2006 to March/April 2011 show that judges in the District of Delaware have a heavier patent case load than those in the Northern District of California. Specifically, in Delaware, each district judge has handled an average of 210 patent cases over the relevant time period. (Whelan Decl., Exh. D.) By contrast, each district judge in the Northern District of California has only handled an average of 38 patent cases, or less than one-fifth of a Delaware district judge's average case load. (*Id.*, Exh. E.) Because the District of Delaware "has far fewer resources than [] the other court[] implicated by this litigation . . . there is no sound reason to maintain any part of this dispute in this court." *Motorola,* 2008 U.S. Dist. LEXIS 65943 at *6.

### 3. **Local Interest Factor is Neutral**

There is no cognizable connection between this case and this venue creating a "local interest" weighing against transfer. "[B]ecause this action is a patent infringement case, local interests are not implicated . . . ." *Pfizer Inc. v. Apotex, Inc.*, C.A. No. 08-948-LDD, 2009 WL 2843288, at *4 (D. Del. Aug. 13, 2009). In an elaboration of why local interests are not implicated in patent cases, the Federal Circuit rejected the argument that a

district "ha[s] a 'substantial interest' in having the case tried locally because several of the [accused products] were sold in that venue." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2009). The defendant in *TS Tech* allegedly sold its vehicles nationally "and thus the citizens of the current venue [had] no more or less of a meaningful connection to this case than any other venue." *Id*. The Federal Circuit's reasoning is equally applicable to this case and merits the same result.

## VI. CONCLUSION

For the foregoing reasons, Linear respectfully requests that the Court transfer venue in this case to the U.S. District Court for the Northern District of California.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

_____
Karen Jacobs Louden (#2881)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com
mflynn@mnat.com

*Attorneys for Defendant Linear Technology Corporation*

OF COUNSEL:

Joel M. Freed
Charles Hawkins
Rose S. Whelan
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, DC  20005-3096
(202) 756-8000

March 23, 2012
5823454.4

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 23, 2012, upon the following in the manner indicated:

Joseph J. Farnan, III, Esquire                                                          *VIA ELECTRONIC MAIL*
Brian E. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*

Daniel Kotchen, Esquire                                                                  *VIA ELECTRONIC MAIL*
Daniel L. Low, Esquire
Robert A. Klinck, Esquire
Alicia Gutierrez, Esquire
KOTCHEN & LOW LLP
2300 M. Street, Suite 800
Washington, DC 20037
*Attorneys for Plaintiff*

                                                                    */s/ Michael J. Flynn*
                                                                    Michael J. Flynn (#5333)