UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGNAL TECH, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>LINEAR TECHNOLOGY CORPORATION,<br><br>    Defendant. | C.A. No. 11-1074-RGA |

**SIGNAL TECH LLC'S OPPOSITION TO LINEAR TECHNOLOGY CORPORATION'S MOTION TO TRANSFER VENUE TO THE NORTHER DISTRICT OF CALIFORNIA**

FARNAN LLP
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

*Attorneys for Signal Tech, LLC*

Dated: April 9, 2012

# TABLE OF CONTENTS

NATURE AND STAGE OF PROCEEDINGS ................................................................................1

SUMMARY OF THE ARGUMENT ..............................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

ARGUMENT ...................................................................................................................................3

    I.     Signal Tech's Choice Of Forum Is Entitled To Paramount Consideration. ......................4

    II.    The Private Interests Do Not Favor Transfer. ....................................................................5

        A.    Factor 1 Weighs Against Transfer Because Signal Tech's Prefers To Litigate This Case In Delaware. ..........................................................................................5

        B.    Factor 2 Does Not Weight Heavily In Favor of Transfer Because Linear's Preference For The Northern District Of California Is Not Entitled To Considerable Weight. ..........7

        C.    Factor 3 Does Not Weigh In Favor Of Transfer Because This Case Did Not Arise In California. ..........................................................................................................7

        D.    Factor 4 Does Not Favor Transfer Because, In Light Of Its Resources, Litigating This Case In Delaware Will Not Present A Challenge For Linear. ..........................................8

        E.    Factor 5 Does Not Weigh Strongly In Favor Of Transfer. ...............................10

        F.    Factor 6 Does Not Favor Transfer Because Linear Has Not Identified Any Documents That Would Be Available In California But Not In Delaware. ..........................................11

    III.   The Public Interests Weigh Overwhelmingly Against Transfer. .....................................11

        A.    Factor 8 Weighs Against Transfer. ...............................................................12

        B.    Factor 9 Weighs Against Transfer Because The District Of Delaware Resolves Patent Cases Much More Expeditiously Than The Northern District Of California. ..........12

CONCLUSION ..............................................................................................................................14

# TABLE OF AUTHORITIES

## Cases

*ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565 (D. Del. 2001).................................................1

*Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192 (D. Del. 1998) ......................................4, 6, 10

*In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011) ..............................................5

*In re Microsoft Corp.*, 630 F.3d 1361 (Fed. Cir. 2011)................................................................5, 6

*In re TCW/Camil Holding L.L.C.*, 2004 WL 1043193 (D. Del.)......................................................9

*In re Vistaprint Ltd*, 628 F.3d 1342 (Fed. Cir. 2010). .....................................................................4

*In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010) ....................................................5, 6

*Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692 (D. Del. 2001) ...............................................9

*Intellectual Ventures I LLC v. Checkpoint Software Technologies Ltd.*,

    797 F. Supp. 2d 472 (D. Del. 2011)..............................................................................................6

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995)................................................... passim

*Mallinckrodt, Inc. v. E–Z–Em, Inc.*, 670 F.Supp.2d 349 (D. Del. 2009)..........................................6

*Microsoft v. Geotag*, 2012 WL 114128 (D. Del.)................................................................... passim

*Motorola Mobility, Inc. v. Apple Inc.*, Civ. No. 10-cv-867-GMS, Sleet, J. (Jan. 5, 2012)..............7

*Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970)................................................................4

*Sunds Defibrator, Inc. v. Durametal Corp.*, 1997 WL 74660 (D. Del.)......................................1, 2

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*,

    676 F. Supp. 2d 321 (D. Del. 2009).................................................................................8, 10, 11

*Wacoh Co. v. Kionix Inc.*, No. 1:10-cv-617-RGA, Andrews, J. (Jan. 9, 2012) (Mem. Op.)...........8

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................3

## NATURE AND STAGE OF PROCEEDINGS

On November 2, 2011, Signal Tech LLC ("Signal Tech") filed this action, alleging that Linear Technology Corporation ("Linear") infringes United States Patent No. 6,480,064, entitled "Method and Apparatus for an Efficient Low Voltage Switchable Gm Cell" ("the '064 Patent"). Linear filed an answer on March 23, 2012, and filed a motion seeking to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## SUMMARY OF THE ARGUMENT

Linear's motion to transfer venue should be denied. Courts will not lightly disturb the venue chosen by the plaintiff and have noted that the plaintiff's choice of venue is a "paramount" consideration in deciding whether to transfer a case. In light of the considerable deference given to a plaintiff's choice of forum, this Court generally has refused to transfer cases where – like here – the plaintiff does not have any ties to the proposed transferee district. *See, e.g., ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565 (D. Del. 2001) (denying transfer even though defendant and potential third party witnesses were in transferee district); *Microsoft v. Geotag*, 2012 WL 114128 (D. Del.) (denying transfer where defendant but not plaintiffs were in transferee district); *Sunds Defibrator, Inc. v. Durametal Corp.*, 1997 WL 74660 (D. Del.) (denying transfer even though defendant and potential third party witnesses were in transferee district). The party seeking a transfer bears the burden of demonstrating that the private and public interests strongly favor transferring to overcome Signal Tech's initial choice of Delaware as the forum. Linear has not met and cannot meet this burden.

First, the private interests do not favor transfer. The parties clearly favor different venues, and Linear has not provided any evidence to support a conclusion that any other private factor strongly favors transfer. Linear's primary argument is that the relevant witnesses and

1

evidence are more likely to be in California than Delaware. By and large, this argument is irrelevant because Linear focuses on its *own* employees and documents. The law in the Third Circuit is clear – the location of witnesses and documents is relevant *only* where they would not be available in one of the chosen venues (*e.g.*, where third party witnesses would be within the subpoena power of only one venue). This Court has explained that, as a result, the location of the employees of the parties is wholly irrelevant. Thus, Linear's arguments about the location of its employees and documents are irrelevant. Similarly, in light of Linear's size and resources, it cannot establish that its "convenience" favors transfer. In fact, the "convenience" of the parties weighs against transfer, as the owners of Signal Tech are all located on the coast. Moreover, lead counsel for each party is located in Washington, D.C., which is considerably closer to this District than to the proposed transferee district. The only factor that marginally favors transfer is that a single potential third-party witness resides in the Northern District of California.

Second, the public interests weigh heavily against transferring this action. The relative congestion of the courts favors denying transfer, as the average time to trial in the Northern District of California is nearly 50 percent longer than in the District of Delaware.

## STATEMENT OF FACTS

The United States Patent and Trademark Office ("PTO") issued the '064 Patent to Infineon Technologies AG ("Infineon") – a German entity – on November 12, 2002. *See* '064 Patent. The '064 Patent was invented by Sasan Cyrusian, who resides in California. *See id.* The application that resulted in the '064 Patent was prosecuted by attorneys at Brinks Hofer Gilson & Lione. *Id.* Brinks Hofer has offices in: Illinois, Indiana, Michigan, North Carolina, Utah, and the District of Columbia. *See* http://www.brinkshofer.com/firm_info/locations.

On April 12, 2011, Infineon assigned the '064 Patent to Commonwealth Research Group

LLC ("CRG"). *See* Declaration of R. Klinck, Exhibit 1. Signal Tech was formed under Delaware law on September 13, 2011, and CRG assigned the patent to Signal Tech on September 15, 2011. *See* Declaration of R. Klinck, Exhibit 2. Signal Tech's owners are located in the Washington, D.C. vicinity and in North Carolina. *See* Declaration of H. Kerner ¶¶ 1-2. Neither Signal Tech nor its owners have connections to the Northern District of California. *See id.* ¶ 3.

Signal Tech identified a number of entities that appeared to be infringing the '064 Patent, including: Analog Devices, Inc. ("Analog"), Linear, and Maxim Integrated Products, Inc. ("Maxim"). On November 2, 2011, Signal Tech filed this action and related actions against Analog and Maxim, designating the cases as related because each case alleges infringement of the '064 Patent. *See Signal Tech LLC v. Analog Devices, Inc.*, No. 1:11-cv-01073-RGA; *Signal Tech LLC v. Maxim Integrated Products, Inc.*, No. 1:11-cv-01075-RGA.

On March 23, 2011, Linear filed its motion to transfer Signal Tech's case against it to the Northern District of California.

## ARGUMENT

Linear's motion to transfer should be denied. The venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Third Circuit has explained that the party seeking to transfer a case bears a heavy burden: "The burden of establishing the need for transfer still rests with the movant. And, in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed." *See*

3

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).[1] Thus, "unless the balance of convenience strongly favors a transfer in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). In analyzing a motion to transfer, courts consider whether the "private interests" or "public interests" favor transfer sufficiently to overcome the presumption that the plaintiff's choice of venue will prevail. *See id.* Here, the balancing of these factors does not support transfer.

I.   **Signal Tech's Choice Of Forum Is Entitled To Paramount Consideration.**

Signal Tech's choice of forum is entitled to paramount consideration under binding Third Circuit precedent. *See Shutte*, 431 F.2d at 25. This Court has recognized that the plaintiff's choice of forum is "automatically" entitled to this paramount consideration. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 200 (D. Del. 1998). At this step of the analysis, the reason for plaintiff's choice of forum *does not matter* nor does its particular ties to Delaware – the very choice of forum is entitled to paramount consideration under binding Third Circuit law.[2]

Linear suggests that this Court should not give deference to Signal Tech's choice, but fails to cite a single Third Circuit case – or Federal Circuit case applying Third Circuit law – that

---

[1] Because Section 1404(a) applies to all federal court litigation, the decisions of the Third Circuit are controlling. *See In re Vistaprint Ltd*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).

[2] As set forth below, this Court has also developed the "home turf" rule. That rule does not relate to the question of whether a plaintiff's choice of forum is entitled to paramount consideration. *See Affymetrix*, 28 F. Supp. 2d at 197-200 (discussing the interplay between the "paramount" consideration and the "home turf" rule). The home turf rule relates to the balancing of convenience factors, not to the initial burden imposed by the "paramount consideration" given the plaintiff's choice of forum. *See id.* As set forth below, regardless of whether Delaware is Signal Tech's "home turf," the choice of Delaware as the forum is still entitled to weight in the balancing of convenience factors because Signal Tech had rational, legitimate reasons for choosing Delaware.

holds that the plaintiff's choice of preference is not entitled to deference.[3] Instead, Linear cites to cases decided under Fifth Circuit law. *See* Linear's Brief at 6 (citing *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) and *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011)). But this Court has specifically noted that transfer decisions based on Fifth Circuit law are not relevant on this precise issue. *See, e.g., Microsoft v. Geotag*, 2012 WL 114128, at *6 n.13 (noting that precedents based on Fifth Circuit law are not controlling and noting that the Fifth Circuit law precludes considering the plaintiff's choice of forum as a separate factor while the Third Circuit considers this factor of "paramount importance").

## II. The Private Interests Do Not Favor Transfer.

The Third Circuit has noted six private interests that are potentially relevant to a motion to transfer venue: (1) plaintiff's choice of forum, (2) defendant's forum preference, (3) whether the claim at issue arose elsewhere, (4) the convenience of the parties as measured by their relative physical and financial condition, (5) the convenience of witnesses to the extent that some witnesses would be unavailable in one venue, and (6) the location of books and records if they would be unavailable in one venue. *See Jumara*, 55 F.3d at 879. Here, the private interests do not favor transfer.

### A. Factor 1 Weighs Against Transfer Because Signal Tech's Prefers To Litigate This Case In Delaware.

Signal Tech filed suit in Delaware because it has rational, legitimate reasons to prefer

---

[3] To be sure, Linear cites *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011). *See* Linear Brief at 5. But that case did not hold that a plaintiff's choice of forum is not entitled to deference. In that case, the other facts overcame the presumption, as this Court has previously explained: "I would characterize that case generally as standing for the proposition that when all the parties, all the witnesses, and all the evidence are in one distant jurisdiction, and the only connection to Delaware is that it is the state of incorporation of the defendant, and there is no other reason for the suit to be in Delaware, the suit must be transferred, upon timely request, to the distant jurisdiction." *See Microsoft v. Geotag*, 2012 WL 114128, at *6.

5

Delaware over other potential venues. Signal Tech and Linear are both incorporated in Delaware. Because Linear is incorporated here, Signal Tech could obtain jurisdiction in this District without difficulty, and Linear cannot legitimately complain about having been sued in its state of incorporation. *See Mallinckrodt, Inc. v. E–Z–Em, Inc.,* 670 F.Supp.2d 349, 357 (D. Del. 2009) (recognizing that it is legitimate to sue a Delaware corporation in its place of incorporation). Moreover, Delaware is a convenient location for the suit because Signal Tech's principals and the law firm they have regularly employed are located on the east coast. *See* H. Kerner Decl. ¶¶ 1-2, 4. Signal Tech's decision to sue in Delaware was reasonable under the circumstances.[4]

Linear's suggestion that Signal Tech is engaged in "improper forum shopping" is baseless. And Delaware provides a convenient point between Analog and Signal Tech's headquarters. Because Signal Tech had a rational, legitimate reason for its choice of forum, that decision is entitled to deference even in the balancing of the convenience factors.[5] *See Intellectual Ventures I LLC v. Checkpoint Software Technologies Ltd.,* 797 F. Supp. 2d 472, 479-80 (D. Del. 2011).[6]

---

[4] In addition to this suit, Delaware provided a logical location for the other two suits filed by Signal Tech – Maxim is also incorporated in Delaware, and Delaware represented a central location between Signal Tech and Analog Devices.

[5] This case is, therefore, very different from *In re Microsoft* and *In re Zimmer* where the plaintiffs chose the Eastern District of Texas in spite of its lack of connection to the case and moved documents or operations there for the purpose of manipulating jurisdiction.

[6] This Court has, at times, analyzed whether a plaintiff sued on its "home turf" in considering motions to transfer. The "home turf" rules *does not* affect the general rule that a plaintiff's choice of forum is entitled to "paramount" consideration. *See Affymetrix, Inc. v. Synteni, Inc.,* 28 F. Supp. 2d 192, 198-99 (D. Del. 1998). Even in the balancing of convenience analysis, this Court has concluded that the plaintiff's forum choice is entitled to deference so long as there is a rational, legitimate reason for the choice of forum. *See id.* at 200 (noting that the rational, legitimate reason analysis is an exception to the "home turf" rule).

  **B. Factor 2 Does Not Weight Heavily In Favor of Transfer Because Linear's Preference For The Northern District Of California Is Not Entitled To Considerable Weight.**

Through its motion to transfer, Linear has expressed its preference to litigate this case in California. That preference is not entitled to "paramount consideration." Moreover, Linear has chosen to subject itself to suit here by incorporating in this district and it has filed other suits in this District. Courts in this district have noted that a defendant's *choice* to litigate in this Court in other contexts undercuts its assertion that it would be inconvenient to litigate this case in this Court. *See Motorola Mobility, Inc. v. Apple Inc.*, Civ. No. 10-cv-867-GMS, Sleet, J. (Jan. 5, 2012) ("Apple's argument that this case should not be tried in Delaware for reasons of forum non conveniens fails to persuade the court and, in fact, strikes it as disingenuous. Specifically, as Apple, the plaintiff, and the court are well aware, Apple has filed patent infringement actions in Delaware . . . the court urges Apple and other parties to refrain from extending their advocacy to arguments that, as was the case here, appear less than forthright.").

Moreover, Linear's lead counsel is based in Washington, D.C. As this Court is surely aware, the venue for a suit will have the most impact on the attorneys who will be required to attend hearings wherever the case is pending. Thus, Delaware provides a much more convenient location for this litigation for both parties' counsel than does the Northern District of California. This leads to the obvious question of why Linear "prefers" the Northern District of California. It seems that Linear's primary goal may be to make the case *inconvenient* for Signal Tech rather than any concern that moving the case will make the case more convenient for Linear. Accordingly, Linear's choice of forum does little to advance its burden of justifying a transfer.

  **C. Factor 3 Does Not Weigh In Favor Of Transfer Because This Case Did Not Arise In California.**

Linear's assertion that this case "arose" in California is incorrect. This Court has

7

previously noted that patent infringement claims do not arise in any single location. *See Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F. Supp. 2d 321, 331 (D. Del. 2009). Instead, patent infringement claims arise anywhere that an infringing product is made, sold, offered for sale, or used. Here, the infringement occurs as a result of sales of Linear's products across the nation and the subsequent use of those products. As such, Signal Tech's claims do not arise in any one location. And, as Linear admits, the products at issue are actually manufactured in Washington, not California. Thus, Linear cannot demonstrate that this factor strongly weighs in favor of a transfer. *See Wacoh Co. v. Kionix Inc.*, No. 1:10-cv-617-RGA, Andrews, J. (Jan. 9, 2012) (Mem. Op.) (Decl. of R. Klinck, Exhibit 3) (concluding that "where the claims arose" does not add any independent weight to what is already taken into account by the other *Jumara* factors, where the accused product is sold worldwide).

### D. Factor 4 Does Not Favor Transfer Because, In Light Of Its Resources, Litigating This Case In Delaware Will Not Present A Challenge For Linear.

Linear incorrectly asserts that the "convenience of the parties" factor weights in favor of transfer because it is based in the Northern District of California. In making this argument, Linear simply ignores the relevant law. Under the *Jumara* factors, the "convenience of the parties" is not assessed according to the parties' location or their principal places of business. Rather, the "convenience of the parties" is considered in the context of "their relative physical and financial condition." *Jumara*, 55 F.3d at 879. Where, as here, the defendant is a multinational corporation, this factor will almost never be relevant. A defendant seeking a transfer must do more than merely show that another forum is more convenient; instead, "[i]t is a defendant's responsibility to prove that litigating in the plaintiff's forum would pose a unique or unusual burden on its operations." *In re TCW/Camil Holding L.L.C.*, 2004 WL 1043193 at *1

(D. Del.) (internal quotations and citations omitted). As this Court stated in denying a motion to transfer in *Intel Corp. v. Broadcom Corp.*:

> [Defendant] is a multi-billion dollar company that does business on an international scale. Furthermore, the conveniences of modern travel and communication technology have made it more difficult to argue that litigating in a particular forum is inconvenient for the parties and witnesses. Therefore, to meet its burden [defendant] must 'establish that litigating this case in Delaware will pose a 'unique or unusual burden' on [its] business operations.'

*Intel Corp. v. Broadcom Corp.*, 167 F. Supp. 2d 692, 706 (D. Del. 2001) (citations omitted).

Here, Linear has not even attempted to demonstrate that it can meet this burden. Linear is a multinational corporation, it is publicly traded, and it employs nearly 2,000 people. In light of these facts, Linear cannot legitimately assert that litigating this case in Delaware will present a unique or unusual burden on its business operation. Accordingly, Linear cannot demonstrate that this factor weighs in favor of a transfer.

Moreover, as set forth above, lead counsel for each party is located in Washington, D.C. These are the individuals who will do the bulk of the travel based upon where the case is pending.[7] As such, transferring this case will make it considerably more inconvenient for the parties. Allowing the case to remain in this District will reduce considerably the travel burdens upon the parties' counsel, thereby reducing the resources the parties will be required to expend on this case. As such, the convenience of the parties weighs against transfer.

---

[7] Linear's witnesses will be deposed where they are located regardless of where the case is pending. Thus, the only time that any of Linear's employees would be required to travel would be for trial – an event that is exceedingly unlikely in light of the fact that such a small percentage of cases are ultimately tried. The attorneys, on the other hand, will be required to attend a number of hearings during the course of this litigation. Thus, transferring the case to the Northern District of California will result in considerably more burden on the parties as their counsel will be required to travel considerably further for hearings on a relatively regular basis.

### E. Factor 5 Does Not Weigh Strongly In Favor Of Transfer.

Linear asserts that the location of the witnesses supports transfer because its employees are in California and because the named inventor is in California. This factor does not strongly favor transfer.

Linear grossly overstates the importance of this factor because the law is clear that the location of its employees is irrelevant. The Third Circuit has expressly instructed that the convenience of witnesses is *only* to be considered to the extent that a witness would be unavailable for trial in the fora. *Jumara*, 55 F.3d at 879; *cf. Microsoft Corp. v. Geotag, Inc.*, 2012 WL 114128, at *3 (noting that the location of witnesses and documents added little to the analysis because there was no evidence of witnesses or documents that would be available in one forum but not the other). Because a party is able to, and indeed, has an obligation to produce its employees, this Court has explained that the location of party witnesses (including employees of the party) is irrelevant to the transfer analysis. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998).[8] As such, the location of Linear's employees is simply irrelevant.

The only third party witness that Linear has identified is the named inventor, but Linear has not explained why the inventor's testimony will be relevant to this case. An inventor's testimony will rarely be relevant to proving either infringement or invalidity of a patent. The infringement question will turn on analysis of Linear's products in light of this Court's claim

---

[8] Although Linear does not directly address this issue, it cited a single District of Delaware case that suggests that the location of witnesses is relevant even if the witnesses and documents could be made available in the current forum. *See Teleconference Sys.*, 676 F. Supp. 2d at 334. The visiting magistrate judge who decided that case disregarded the Third Circuit's express limitation on this factor in *Jumara* in favor of the general proposition that transfer should be broadly and flexibly considered. *Jumara*'s express statements regarding the relevance of the location of witnesses and documents should not be disregarded in favor of its more general statements. Moreover, the *Jumara* factors already allow courts to consider the location of a party's employees in the "convenience of the parties" factor.

construction. The validity question will turn on a comparison of the patent's claims – as construed by the court – to the prior art. An inventor's testimony can be relevant to other defenses (e.g., fraud of the patent office), but Linear has not alleged any defense that will turn on testimony of the inventor. Based upon the currently available information, there is no reason to conclude that Linear will call the inventor to testify at any trial in this matter. As such, this factor is either neutral or weighs only slightly in favor of transfer.

### F. Factor 6 Does Not Favor Transfer Because Linear Has Not Identified Any Documents That Would Be Available In California But Not In Delaware.

As with the location of witnesses, under Third Circuit law, the location of documents is relevant *only* if they may be produced in one forum but not the other. *See Jumara*, 55 F.3d at 879. As a result, this Court has noted that the location of the parties' documents "adds very little to the balancing" because the documents are available in either venue. *See Microsoft v. Geotag*, 2012 WL 114128, at *3. This is especially true here, where Linear has not identified a single document or piece of evidence that would be available in California but not Delaware.

Linear cites two Federal Circuit cases and a decision by a magistrate judge who was visiting the District of Delaware in support of its assertion that the location of its documents is relevant. *See* Linear Brief at 9-10. The two Federal Circuit opinions were applying the Fifth Circuit's standard rather than the standard the Third Circuit set out in *Jumara*. As such, those decisions are not relevant here. The decision in *Teleconference Systems* should be disregarded because it is clearly contrary to the language of *Jumara* and the other cases in this Court.

### III. The Public Interests Weigh Overwhelmingly Against Transfer.

The Third Circuit has noted six public interest factors that are potentially relevant to the transfer analysis: (7) the enforceability of the judgment, (8) practical considerations that might

11

make trial easy, expeditious, or inexpensive, (9) the relative administrative difficulty arising from court congestion, (10) the local interest in deciding local controversies, (11) the public policies of the fora, and (12) the familiarity of the trial judge with state law in a diversity case. *See Jumara*, 55 F.3d at 879-80.[9] These public interest factors weight against transfer. The only factors Linear cites as favoring it are Factors 8 and 9.[10]

### A. Factor 8 Weighs Against Transfer.

Linear asserts that this factor favors transfer because transferring the case will eliminate significant expenses for Linear in litigating this case. *See* Linear Brief at 10. This argument is legally and factually misguided. First, this factor relates to the *public interest* not Linear's private interest. Thus, the expense incurred by Linear is not an appropriate consideration on this factor.

But even if the parties' convenience or expense were a relevant factor, transferring the case will vastly increase the resources the parties will be required to spend on this case. Transferring this case will require the parties' counsel – who are located in Washington, D.C. – to travel clear across the country for hearings. It will clearly be less expensive and much more expeditious for the attorneys to travel from Washington, D.C. to Delaware – a short train ride or drive – than to the Northern District of California.

### B. Factor 9 Weighs Against Transfer Because The District Of Delaware

---

[9] Signal Tech has adopted the numbering of the interests that this Court has utilized in its recent opinions.

[10] Linear argues that Factor 10 – the "local interest" factor is neutral. *See* Linear Brief at 11-12. Signal Tech agrees. Factor 11 – the public policy of the forum – weighs slightly against transfer. Specifically, this Court has noted that Delaware has an interest in having disputes between Delaware corporations decided by courts in the state. *See Microsoft v. Geotag*, 2012 WL 114128, at *4. Signal Tech, however, believes that this issue overlaps with the legitimate, rational reason that it sued in Delaware as discussed in the private interest section. As such, there is no reason to count this factor again in the public interest section.

### Resolves Patent Cases Much More Expeditiously Than The Northern District Of California.

Linear asserts that this factor weighs in favor of transfer because there are more patent cases pending in the District of Delaware. *See* Linear's Brief at 11. Linear's argument is without merit. Although there are more cases per judge pending in Delaware, this Court has been able to bring those cases to resolution in a much more expeditious manner. *See* Mark Lemley, "Where to File Your Patent Case," 38 AIPLA Quarterly Journal 401, 416-17 (2010) (Decl. of R. Klinck, Exhibit 4) (showing that the average time to trial in Delaware patent cases is 2.03 years compared to 2.92 years in the Northern District of California); *see also id.* at 414-15 (showing that the average time to disposition – whether by trial or otherwise – in Delaware patent cases is 1.05 years as compared to 1.28 years for the Northern District of California). Thus, the while judges in this District have more patent cases, they have been able to resolve those disputes considerably more quickly than have judges in the Northern District of California. As such, the court congestion factor weighs against transfer.

* * * *

In this case, Linear is asking the Court to override Signal Tech's choice of forum based upon little more than its preference to litigate this case near its principal place of business (and likely its hope that a transfer will make this case considerably more inconvenient for Signal Tech). In light of the paramount consideration given to Signal Tech's choice of forum, this Court should deny Linear's motion.

## CONCLUSION

For the reasons set forth above, Linear's motion to transfer venue should be denied.

Respectfully Submitted,

FARNAN LLP

By: /s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Rosemary J. Piergiovanni (Bar No. 3655)
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com

OF COUNSEL:
Daniel Kotchen
Daniel L. Low
Robert A. Klinck
Alicia Gutierrez
KOTCHEN & LOW LLP
2300 M Street NW, Suite 800
Washington, DC  20037
Telephone:  (202) 416-1848
Facsimile:  (202) 280-1128
dkotchen@kotchen.com

*Attorneys for Signal Tech, LLC*