IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SIGNAL TECH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-1074 (RGA) |
| | ) |
| LINEAR TECHNOLOGY CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT LINEAR TECHNOLOGY CORPORATION'S REPLY BRIEF
IN SUPPORT OF ITS MOTION TO TRANSFER
<u>VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
klouden@mnat.com
mflynn@mnat.com

OF COUNSEL:

*Attorneys for Defendant Linear Technology Corporation*

Joel M. Freed
Charles Hawkins
Rose S. Whelan
MCDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, DC 20005-3096
(202) 756-8000

April 19, 2012

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT .......................................................................................................................1

    I.    Plaintiff's Choice Of Forum Cannot Outweigh All Other Factors Where There Is No Connection At All To Delaware And There Is A Substantial Connection To The Northern District Of California .......................1

        A.    Plaintiff's Choice of Forum Is Not Entitled to "Paramount" Consideration ...............................................................................................1

        B.    Linear's Forum Preference and The Convenience of the Witnesses Are Enough to Outweigh Plaintiff's Choice of Forum .........................................................................................................2

    II.    Plaintiff's Claim Arose In California, Not Delaware ............................................4

    III.    Relevant Records Are Located In California, Not Delaware ................................4

CONCLUSION ....................................................................................................................4

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Link_ A_Media Devices Corp.*,
    662 F.3d 1221 (Fed. Cir. 2011) ............................................................................... 1, 2, 4

*Mallinckrodt Inc. v. E-Z-Em, Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009) .................................................................................. 2

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970) .............................................................................................. 2

*Signal Tech, LLC v. Analog Devices, Inc.*,
    No. 11-1073, 2012 WL 1134723 (D. Del. April 3, 2012). ........................................ 1, 2, 3

*Wacoh Co. v. Kionix Inc.*,
    No. 10-617(RGA), 2012 WL 70673 (D. Del. Jan. 9, 2012) ............................................. 2

On April 3, 2012, this Court granted the motion of defendant Analog Devices, Inc. ("ADI"), to transfer Civil Action No. 11-1073-RGA, a case also initiated by Signal Tech, LLC ("Signal Tech"), the Plaintiff in this case. A similar outcome should be reached here.

The Plaintiff has no contacts with Delaware. The Northern District of California is vastly more convenient to defendant, Linear Technology Corporation ("Linear"), where it has its corporate headquarters and design centers and where the bulk of the non-expert witnesses and the bulk of the relevant evidence will be. That is also the identified location of the inventor of the lone patent-in-suit. Also, Plaintiff's alleged cause of action arose in California, where Linear designed the accused products.

## ARGUMENT

### I. Plaintiff's Choice Of Forum Cannot Outweigh All Other Factors Where There Is No Connection At All To Delaware And There Is A Substantial Connection To The Northern District Of California

As in this Court's April 3, 2012 ruling in Case No. 11-1073, Plaintiff's choice of forum cannot outweigh all other factors which point to the Northern District of California. *See Signal Tech, LLC v. Analog Devices, Inc.*, C.A. No. 11-1073, 2012 WL 1134723 (D. Del. April 3, 2012).

#### A. Plaintiff's Choice of Forum Is Not Entitled to "Paramount" Consideration

Plaintiff's forum choice here is not entitled to paramount consideration. Plaintiff apparently has no employees at all, and none in Delaware – Plaintiff apparently has principals only in North Carolina and Washington, DC. Plaintiff has no claim to Delaware as a home turf venue based on its recent, litigation-minded formation in this state.

In *Link_A_Media*, the Federal Circuit stated that courts should not place "too much weight on the plaintiffs choice of forum, … where the choice of forum by a plaintiff has

little connection with the operative facts of the lawsuit." *In re Link_ A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (per curiam) (granting mandamus favoring transfer) (applying Supreme Court and Third Circuit precedent); *see also Wacoh Co. v. Kionix Inc.*, C.A. No. 10-617 (RGA), 2012 WL 70673, at *7 (D. Del. Jan. 9, 2012) (granting a motion to transfer when "[t]he only connection to Delaware ... is that it is the plaintiff's choice of forum") (citing *In re Link_A_Media,* 662 F.3d at 1224).

As this Court has held, "[w]hen a plaintiff sues a defendant in District A and the defendant, as well as the potential witnesses and evidence are located in District B, and there is no other valid reason for denying a request for transfer to District B, it is an abuse of discretion not to grant the transfer." *Signal Tech*, 2012 WL 1134723 at *4. Although Link_A_Media had connections to the transferee district, because Plaintiff does not have meaningful connections to any district, as the Court held, that is "not much of a distinction." *Id.*

Plaintiff's reliance on other cases (on *Shutte* v. *Armco Steel Corp.,* 431 F.2d 22 (3d Cir. 1970) and *Mallinckrodt Inc.* v. *E-Z-Em, Inc.*, 670 F.Supp.2d 349 (D. Del. 2009)) is misplaced. In *Shutte,* the plaintiff was a private citizen and longtime resident of the district where she chose to file suit. 431 F.2d at 25. In *Mallinckrodt,* there was no indication that the plaintiff incorporated in Delaware for the sole purpose of bringing suit there: Mallinckrodt, Inc. filed suit in 2009; it had incorporated in Delaware in 1985.

> **B. Linear's Forum Preference and the Convenience of the Witnesses Are Enough to Outweigh Plaintiff's Choice of Forum**

Linear's preference is to litigate this dispute in the jurisdiction of its principal place of business convenient to its witnesses and documents (and other records). While it is hard to tell at this time who the trial witnesses might be, it is likely that the bulk of the non-expert witnesses will be present or former employees of the defendant.

The employees and ex-employees will be located in California, in and around Milpitas, where Linear has had its headquarters since 1981. (D.I. 13, England Decl. at ¶¶ 2-3). Milpitas is where Linear's executive and administrative offices are located, and it conducts fabrication, test and assembly operations there. (*Id.* at ¶ 2). Linear has two design centers in addition to research and development, sales and marketing, and warehousing and distribution facilities in Milpitas and other parts of California. (*Id.* at ¶¶ 2-3). All of Linear's top executive employees are based in Milpitas – approximately 1,217 of the company's 1,940 U.S. employees work there, including the engineers who designed the accused product. (*Id.* at ¶¶ 2-5). It would be far more convenient for the bulk of the non-expert witnesses to have this case proceed in California.

Any ex-Linear employees are clearly out of subpoena range if the case proceeds in Delaware, but are much more likely to be within the subpoena power of the Northern District of California if the case is transferred there. In addition, the inventor – whose testimony is a relevant part of a patent case – is also identified as located in the Northern District of California. (D.I. 12, Whelan Decl. at ¶¶ 1-5).

Not a single Delaware witness has been identified in this case. It is unlikely that any such witness exists. Plaintiff – a newly formed entity – is owned by a patent attorney residing in North Carolina, and other individuals in Washington, D.C. Plaintiff has no alleged place of business in Delaware. The lone patent-in-suit was invented by a California resident. Ownership of the patent transitioned over time between a German company, a Virginia company, and finally to Plaintiff just days after its formation, and just weeks before this suit was filed. In short, there is no connection at all to Delaware. *Signal Tech*, 2012 WL 1134723 at *5.

## II. Plaintiff's Claim Arose In California, Not Delaware

Even if where the claim arose adds little to the balancing, it favors transfer to California, where Linear designed the accused product and where evidence relating to that product can be found. Although in a technical sense, a patent claim can be said to arise anywhere that an accused product is found, none of Linear's design, testing or manufacturing of its products took place in Delaware.

## III. Relevant Records Are Located In California, Not Delaware

The Federal Circuit has held that documents located in the transferee jurisdiction weighs in favor of transfer. *See In re Link_A_Media,* 662 F.3d at 1224 (applying factors five and six of the Third Circuit's *Jumara* factors). Although Linear's documents would not be physically "unavailable" should the case proceed in Delaware, consideration of convenience of documents is still "legally relevant" to the transfer inquiry. *See id.* ("While advances in technology may alter the weight given to [the location of witnesses and records], it is improper to ignore them entirely.").

## **CONCLUSION**

For the foregoing reasons, Linear respectfully requests that the Court transfer venue in this case to the U.S. District Court for the Northern District of California.

- 5 -

|  |  |
|---|---|
| OF COUNSEL:<br><br>Joel M. Freed<br>Charles Hawkins<br>Rose S. Whelan<br>MCDERMOTT WILL & EMERY LLP<br>600 Thirteenth Street, NW<br>Washington, DC  20005-3096<br>(202) 756-8000<br><br>April 19, 2012<br>5870882.4 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Michael J. Flynn*<br>_____<br>Karen Jacobs Louden (#2881)<br>Michael J. Flynn (#5333)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>klouden@mnat.com<br>mflynn@mnat.com<br><br>*Attorneys for Defendant Linear Technology Corporation* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 19, 2012, upon the following in the manner indicated:

Joseph J. Farnan, III, Esquire                                     *VIA ELECTRONIC MAIL*
Brian E. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Plaintiff*

Daniel Kotchen, Esquire                                           *VIA ELECTRONIC MAIL*
Daniel L. Low, Esquire
Robert A. Klinck, Esquire
Alicia Gutierrez, Esquire
KOTCHEN & LOW LLP
2300 M. Street, Suite 800
Washington, DC 20037
*Attorneys for Plaintiff*

                                                              */s/ Michael J. Flynn*
                                                              Michael J. Flynn (#5333)